Jennifer Librach Nall
*(Pro Hac Vice To Be Filed)*
Texas State Bar No. 24061613
jennifer.nall@us.dlapiper.com
Shawn Bastani
*(Pro Hac Vice To Be Filed)*
Texas State Bar No. 24127680
shawn.bastani@us.dlapiper.com
**DLA Piper LLP (US)**
303 Colorado Street,
Suite 3000
Austin, Texas 78701
Telephone:    512.457.7000
Facsimile:    512.457.7001

Mary Dahl
State Bar No. 336232
mary.dahl@us.dlapiper.com
**DLA Piper LLP (US)**
3203 Hanover Street
Suite 100
Palo Alto, CA 94304
Telephone:    650.833.2000
Facsimile:    650.833.2001

Attorneys for Applicant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of<br><br>Amazon EU S.à.r.l.<br><br>Applicant, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 5:26-mc-80013<br><br>**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

# TABLE OF CONTENTS

**Page**

I. BACKGROUND ................................................................................................................ 1

    A. Factual Background ............................................................................................... 1

        1. Inodyn's patent infringement lawsuit against Amazon EU S.à.r.l. in Germany ..................................................................................................... 1

        2. The reasonably contemplated damages proceeding between Inodyn and Amazon EU S.à.r.l. in Germany ......................................................... 2

        3. The meet and confer with Google ............................................................. 2

        4. This Application ........................................................................................ 2

II. ARGUMENT .................................................................................................................... 3

    A. The Application Satisfies 28 U.S.C. § 1782's Statutory Requirements ................ 3

    B. The *Intel* factors Weigh in Favor of Granting the Application ............................. 4

        1. The first *Intel* factor supports granting the Application ........................... 5

        2. The second *Intel* factor supports granting the Application ...................... 6

        3. The third *Intel* factor supports granting the Application ......................... 7

        4. The fourth *Intel* factor supports granting the Application ....................... 8

III. CONCLUSION ................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Accent Delight Int'l*,
  791 F. App'x 247 (2d Cir. 2019) .................................................................................... 7

*Akebia Therapeutics, Inc. v. Fibrogen*,
  Inc., 793 F.3d 1108 (9th Cir. 2015) ............................................................................... 4

*In re Ex Parte Align Tech., Inc.*,
  No. 2:22-mc-00236-SB-MAA, 2022 U.S. Dist. LEXIS 236786 (C.D. Cal. Dec.
  15, 2022) *R. & R. adopted*, 2023 U.S. Dist. LEXIS 13048 (C.D. Cal. Jan. 24,
  2023) ............................................................................................................................. 8

*In re Cover Corp.*,
  No. 5:25-mc-80361-BLF, 2025 U.S. Dist. LEXIS 228153 (N.D. Cal. Nov. 19,
  2025) ......................................................................................................................... 4, 7

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
  119 F.4th 1126 (9th Cir. 2024) ..................................................................................... 5

*CPC Patent Techs. Pty LTD v. Apple, Inc.*,
  No. 21-mc-80091-JST, 2023 U.S. Dist. LEXIS 92666 (N.D. Cal. Jan. 3, 2023) .......... 8

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
  No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416 (N.D. Cal. Jan. 13, 2009) ........ 6, 7

*In re Fourworld Capital Mgmt. LLC*,
  No. 23-1460-GBW, 2024 U.S. Dist. LEXIS 69617 (D. Del. Apr. 16, 2024) ............... 5

*In re Gliner*,
  133 F.4th 927 (9th Cir. 2025) ................................................................................... 3, 4

*In re HMD Glob. Oy*,
  No. 24-mc-02144-JLB, 2025 U.S. Dist. LEXIS 97222 (S.D. Cal. May 21,
  2025) ............................................................................................................................. 5

*In re Illumina Cambridge Ltd.*,
  No. 19-mc-80215-WHO (TSH), 2019 U.S. Dist. LEXIS 194925 (N.D. Cal.
  Nov. 7, 2019) ............................................................................................................ 5, 7

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ............................................................................................. *passim*

*IPCom GmbH & Co. KG v. Apple Inc.*,
  61 F. Supp. 3d 919 (N.D. Cal. 2014) ............................................................................ 1

DLA PIPER LLP (US)
ATTORNEYS AT LAW
AUSTIN

ii

MEMO ISO EX PARTE APPLICATION
FOR ORDER CASE NO. 5:26-MC-80013

1626972489

*Khrapunov v. Prosyankin*,
   931 F.3d 922 (9th Cir. 2019) .................................................................................................. 3

*In re Kreke Immobilien KG*,
   2013 U.S. Dist. LEXIS 160283 (S.D.N.Y. Nov. 8, 2013) ....................................................... 6

*In re Lufthansa Technick AG*,
   No. C17-1453-JCC, 2019 U.S. Dist. LEXIS 12568 (W.D. Wash. Jan. 25, 2019) ................... 6

*In re Med. Inc. Ass'n Smile Create*,
   547 F. Supp. 3d 894 (N.D. Cal. 2021) .................................................................................... 5

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015) ................................................................................................... 8

*Novalpina Capital Partners I GP S.A.R.L v. Read*,
   149 F.4th 1092 (9th Cir. 2025) ............................................................................................... 5

*In re Oasis Core Invs. Fund Ltd..*,
   No. 23-MC-402 (SHS), 2024 U.S. Dist. LEXIS 21620 (S.D.N.Y. Feb. 7, 2024) ................... 8

*Palantir Techs., Inc. v. Abramowitz*,
   415 F. Supp. 3d 907 (N.D. Cal. 2019) ........................................................................ 4, 6, 7, 8

*In re Partners*,
   635 F. Supp. 3d 900 (N.D. Cal. 2022) .................................................................................... 8

*In re Ex Parte Path Network*,
   703 F. Supp. 3d at 1062 .......................................................................................................... 4

*Proteras Co., Ltd. v. Google LLC*,
   No. 25-mc-80253-BLF, 2025 U.S. Dist. LEXIS 192255 (N.D. Cal. Sep. 29,
   2025) ................................................................................................................................... 3, 4

*In re Qualcomm Inc.*,
   162 F. Supp. 3d 1029 (N.D. Cal. 2016) ............................................................................... 4, 8

*Rainsy v. Facebook, Inc.*,
   311 F. Supp. 3d 1101 (N.D. Cal. 2018) .................................................................................. 5

*Snowflake Inc. v. Yeti Data, Inc.*,
   No. 20-mc-80190-EMC, 2021 U.S. Dist. LEXIS 51217 (N.D. Cal. Mar. 18,
   2021) ................................................................................................................................... 6, 7

*United States v. Google LLC*,
   690 F. Supp. 3d 1011 (N.D. Cal. 2023) .................................................................................. 3

DLA Piper LLP (US)
Attorneys at Law

iii

MEMO ISO EX PARTE APPLICATION
FOR ORDER CASE NO. 5:26-MC-80013

1626972489

*In re Varian Med. Sys. Int'l AG*,
   No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911 (N.D. Cal. Mar. 24,
   2016) ........................................................................................................................... 6

**Statutes**

28 U.S.C. § 1782 ................................................................................................................. *passim*

**Other Authorities**

Fed. R. Evid. 201 ........................................................................................................................ 3

DLA P&#x0280;&#x0280;&#x0280; LLP (US)
A&#x1D1B;&#x1D1B;&#x1D00;&#x0280;&#x0274;&#x1D07;&#x028F;&#x0455; &#x1D00;&#x1D1B; L&#x1D00;&#x1D21;

iv

MEMO ISO EX PARTE APPLICATION
FOR ORDER CASE NO. 5:26-MC-80013

1626972489

## I. BACKGROUND

### A. Factual Background

#### 1. Inodyn's patent infringement lawsuit against Amazon EU S.à.r.l. in Germany

Inodyn is a German business that offers "patent package[s]" and "portfolio[s]" "for sale or licensing."[1] Its "'Voice Activation' patent package" includes German Patent No. DE 10 2013 001 219 ("Patent-in-Suit"). *Id.*

In May 2022, Inodyn filed a lawsuit against Amazon EU S.à.r.l. in the Mannheim Regional Court of Germany alleging infringement of the Patent-in-Suit. *See* Ex. 1 (Decl. of Dr. Constanze Krenz in Supp. of Mem. of Law in Supp. of Ex Parte Appl. for an Order to Conduct Disc. for Use in a Foreign Proceeding ¶ 5 [hereinafter "Krenz Dec."]); *see also* Ex. 1-A (Landgericht Mannheim [LG] [Mannheim Regional Court] May 16, 2022, 2 O 46/21 (Ger.) [hereinafter "Inodyn's Complaint"]). Inodyn requested that the German court find the Patent-in-Suit infringed and award both an injunction and damages in principle. *See* Krenz Dec. ¶ 9; *see also* Inodyn's Complaint at 32-33. However, as "it is common in German patent litigation for plaintiffs to seek judgment only on infringement and to defer judgment on damages to a second proceeding,"[2] the parties first proceeded to litigate infringement, without litigating damages amounts. *See* Krenz Dec. ¶¶ 10, 12-13.

During the infringement proceedings, Amazon EU S.à.r.l. requested copies of Inodyn's patent license agreements that relate to the Android operating system, including Inodyn's licensing agreement(s) with Google. *See* Krenz Dec. ¶ 11. The Mannheim Regional Court, however, did not substantively rule on that request for a copy of Inodyn's licensing agreement(s). *See* Krenz Dec. ¶ 11; *see also* Ex. 1-B (Landgericht Mannheim [LG] [Mannheim Regional Court] Aug. 29, 2025, 2 O 46/21 (Ger.) at 54 [hereinafter Mannheim Infringement Judgment]). Instead, the Mannheim Regional Court found it unnecessary to rule on the request, and did not do so. *See* Krenz Dec. ¶ 11.

---

[1] https://www.inodyn.com/voice-activation.html.
[2] *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 920 (N.D. Cal. 2014).

DLA PIPER LLP (US)
ATTORNEYS AT LAW
AUSTIN

1626972489

1

MEMO ISO EX PARTE APPLICATION
FOR ORDER CASE NO. 5:26-MC-80013

### 2. The reasonably contemplated damages proceeding between Inodyn and Amazon EU S.à.r.l. in Germany

In August 2025, the Mannheim Regional Court ruled in favor of Inodyn on the issue of infringement. *See* Krenz Dec. ¶ 12; *see also* Mannheim Infringement Judgment at 60-61. That infringement ruling is currently on appeal before the Higher Regional Court of Karlsruhe. *See* Krenz Dec. ¶ 12. As a result, Amazon EU S.à.r.l.'s counsel in Germany reasonably contemplates that a second proceeding to decide damages amounts for infringement of the Patent-in-Suit is imminently foreseeable. *See id.* ¶ 13. Indeed, Inodyn has repeatedly expressed an intent to proceed with a damages proceeding against Amazon EU S.à.r.l. *See id.*

As explained by Amazon EU S.à.r.l.'s counsel in Germany, patent infringement damages in Germany are often calculated on the basis of existing licenses to the patent owner's infringed patent or other related patents. *See id.* ¶ 15. In order to adequately prepare itself for the damages proceeding, Amazon EU S.à.r.l. brings this Application. *See id.* ¶¶ 15-17.

### 3. The meet and confer with Google

Applicant's counsel has met and conferred with legal counsel for Google about the requested discovery. *See id.* ¶ 6. Based on that meet and confer, Applicant's understanding is that Google does not intend to oppose this Application. *See id.*

### 4. This Application

This Application seeks to serve a narrowly tailored subpoena to obtain agreements that allow Google to practice Inodyn's intellectual property. *See* Ex. 2 (proposed Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action).

Specifically, Applicant seeks to serve a single request for production (Ex. 2 attach. A at 8 (Request for Production No. 1)), which is reproduced below:

> All Agreements Relating to Inodyn's Asserted Patent to which You are a party, beneficiary, or otherwise bound, including all license agreements, sublicense agreements, consent to use agreements, settlement agreements, coexistence agreements, covenants not to sue, waivers, releases, permissions and other Agreements, whether written or oral, that grant You any rights or interests to Asserted Patent.[3]

---

[3] The capitalized terms are defined under the heading Definitions at (respectively) Paragraphs 2, 7, 5, and 8.

## II. ARGUMENT

### A. The Application Satisfies 28 U.S.C. § 1782's Statutory Requirements

"Under Section 1782, a district court may order discovery in the United States for use in a foreign legal proceeding if, as relevant here, the following three requirements are satisfied: (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal that is within reasonable contemplation; and (3) the applicant is an interested person in that foreign proceeding." *In re Gliner*, 133 F.4th 927, 933 (9th Cir. 2025); *see Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

As explained below, this Court is authorized to grant the Application because each of the three preceding statutory requirements is met.

#### 1. Google resides or is found in the Northern District of California

The first statutory requirement is satisfied, because "Google's headquarters are in Mountain View, California, which is located within the geographic boundaries of the Northern District of California." *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023).[4]

Pursuant to Federal Rule of Evidence 201(c)(2), Applicant requests that the Court take judicial notice of the preceding fact, because the presence of Google's headquarters in this District is a fact that is not subject to reasonable dispute under Fed. R. Evid. 201(b)(1)-(2). Indeed, this Court recently held that the first statutory requirement of Section 1782 was satisfied in a Section 1782 application that also sought discovery from Google. *See Proteras Co., Ltd. v. Google LLC*, No. 25-mc-80253-BLF, 2025 U.S. Dist. LEXIS 192255, at *5 (N.D. Cal. Sep. 29, 2025).

#### 2. The discovery is for use in pending or reasonably contemplated proceedings in Germany

The second statutory requirement is satisfied, because "the discovery is for use in a

---

[4] https://about.google/intl/en_us/locations/?region=north-america; https://bizfileonline.sos.ca.gov/search/business (Company Name: Google LLC, Entity No. 201727810678).

proceeding before a foreign tribunal that is within reasonable contemplation." *In re Gliner*, 133 F.4th at 933. Here, as explained in Section II(A)(2), a damages proceeding in Germany is within reasonable contemplation. These facts satisfy the second statutory requirement, because "[t]o apply for discovery pursuant to Section 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 911 (N.D. Cal. 2019); *see Proteras*, 2025 U.S. Dist. LEXIS 192255, at *5.

### 3. The Application is made by an interested person

The third statutory requirement is satisfied, because "applicant is an interested person in th[e] foreign proceeding[s]" discussed earlier. *In re Gliner*, 133 F.4th at 933. As discussed above, Amazon EU S.à.r.l. "is a party to the foreign proceedings." *Akebia Therapeutics, Inc. v. Fibrogen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015). Accordingly, Amazon EU S.à.r.l. "has a 'reasonable interest' in obtaining judicial assistance and, therefore, may apply for judicial assistance pursuant to § 1782." *Id.* at 710-11; *see In re Cover Corp.*, No. 5:25-mc-80361-BLF, 2025 U.S. Dist. LEXIS 228153, at *6 (N.D. Cal. Nov. 19, 2025) ("A litigant in a foreign proceeding is an 'interested person' for purposes of section 1782."). Therefore, "the third and final statutory factor under Section 1782 is satisfied." *In re Ex Parte Path Network*, 703 F. Supp. 3d at 1062.

### B. The *Intel* factors Weigh in Favor of Granting the Application

"In *Intel*, the Supreme Court identified several factors that a court must take into consideration in ruling on a Section 1782 request, once the statutory requirements are satisfied." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1035 (N.D. Cal. 2016) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004)).[5] "Under *Intel* . . ., the four non-exclusive factors that govern a court's discretion are: '(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or

---

[5] Under Ninth Circuit precedent, a "district court [is] not required to address explicitly every factor or argument, nor [is] it required to issue a written order." *Akebia*, 793 F.3d at 1112.

other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome.'" *Novalpina Capital Partners I GP S.A.R.L v. Read*, 149 F.4th 1092, 1098 (9th Cir. 2025) (cleaned up) (quoting *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024)).

As explained below, this Court should exercise its discretion to grant the Application, because the *Intel* factors weigh in favor of granting the Application.

### 1. The first *Intel* factor supports granting the Application

"The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding." *In re Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 898 (N.D. Cal. 2021); *see In re Fourworld Capital Mgmt. LLC*, No. 23-1460-GBW, 2024 U.S. Dist. LEXIS 69617, at *10 (D. Del. Apr. 16, 2024) ("[T]he primary inquiry for the Court's consideration is whether Respondents are participants in the foreign proceeding."). Section 1782 discovery is appropriate when the target of the discovery is not a party to the foreign proceeding and is beyond the jurisdiction and control of the foreign court. *See Intel*, 542 U.S. at 264. "Here, [Google] is not a party to the [German] proceeding and therefore Applicant needs the assistance of § 1782 to obtain the information." *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1112 (N.D. Cal. 2018); *see In re Med. Inc. Ass'n Smile Create*, 547 F. Supp. at 898.

Although "the law does not require that the requested discovery be unavailable from any party to the foreign proceeding,"[6] for the sake of thoroughness, Applicant notes that it seeks discovery from Google "due to the lack of effective foreign discovery procedures" available in Germany. *In re Illumina Cambridge Ltd.*, No. 19-mc-80215-WHO (TSH), 2019 U.S. Dist. LEXIS 194925, at *12 (N.D. Cal. Nov. 7, 2019); *see In re HMD Glob. Oy*, No. 24-mc-02144-JLB, 2025 U.S. Dist. LEXIS 97222, at *8 (S.D. Cal. May 21, 2025) ("The U.S. Supreme Court in *Intel* recognized the obstacles that civil law systems [(such as Germany)] place on pretrial discovery, and their reluctance to compel the production of documentary evidence."), *R. & R. adopted*, D.I. 9 (N.D. Cal. July 28, 2025). As explained by Applicant's counsel in Germany, German

---

[6] *In re Fourworld*, 2024 U.S. Dist. LEXIS 69617, at *10.

courts typically are not receptive towards early discovery into patent license agreements. *See* Krenz Dec. ¶¶ 16-17. Accordingly, the first *Intel* factor supports granting the Application. *See In re Lufthansa Technick AG*, No. C17-1453-JCC, 2019 U.S. Dist. LEXIS 12568, at *6-7 (W.D. Wash. Jan. 25, 2019) ("Intervenor is a participant in the pending legal proceedings. However, the discovery procedures available to Petitioner in the pending proceedings are insufficient to procure the requested discovery. Therefore, although Intervenor is a participant in the pending proceedings, the lack of effective discovery mechanisms available to Petitioner in those countries [i.e., Germany, France, and the United Kingdom] weighs in favor of allowing Petitioner to obtain the discovery material via § 1782.") (citations omitted).

### 2.     The second *Intel* factor supports granting the Application

"The second Intel factor considers the nature of the German court and its receptivity (or not) to the aid sought in this court." *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *6-8 (N.D. Cal. Jan. 13, 2009); *see Palantir Techs.*, 415 F. Supp. 3d at 913-14. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 U.S. Dist. LEXIS 38911, at *11 (N.D. Cal. Mar. 24, 2016).

As this Court previously noted when holding that the second *Intel* factor supported granting a Section 1782 application related to the Mannheim District Court, which is the same court where Inodyn's Complaint was filed,[7] "'[i]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' courts tend to 'err on the side of permitting discovery.'" *In re Varian*, 2016 U.S. Dist. LEXIS 38911, at *12 (quoting *In re Kreke Immobilien KG*, 2013 U.S. Dist. LEXIS 160283, at *14 (S.D.N.Y. Nov. 8, 2013)). Here, "[t]here is no evidence or case law suggesting that the Mannheim District Court would be unreceptive to the discovery [Applicant] seeks." *In re Varian*, 2016 U.S. Dist. LEXIS 38911, at *11-12. "Accordingly, . . . [the second] factor weighs in favor of § 1782 discovery." *Id.*, at *12.

---

[7] As explained by Applicant's counsel in Germany, the Mannheim District Court presided over the infringement proceeding and, in all likelihood, will decide on the damages. *See* Krenz Dec. ¶ 14.

1    This remains true even assuming *arguendo* that Applicant would be unable to obtain the
2    discovery through German procedure. *See Snowflake Inc. v. Yeti Data, Inc.*, No. 20-mc-80190-
3    EMC, 2021 U.S. Dist. LEXIS 51217, at *14 (N.D. Cal. Mar. 18, 2021) ("There is no evidence
4    that the German court is unreceptive to this evidence simply because U.S. procedural rules allow
5    for broader discovery requests. In sum, § 1782 does not prevent a party from seeking discovery of
6    materials in U.S. court that are undiscoverable in German court.") (citations omitted).

### 3.     The third *Intel* factor supports granting the Application

"The third *Intel* factor is whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.'" *Palantir Techs.*, 415 F. Supp. 3d at 915 (quoting *Intel*, 542 U.S. at 265). "A petitioner seeks to circumvent foreign discovery restrictions when it seeks discovery 'that cannot be obtained because the foreign jurisdiction prohibits the discovery of those documents.'" *Illumina*, 2020 U.S. Dist. LEXIS 29201, at *14 (quoting *In re Accent Delight Int'l*, 791 F. App'x 247, 251 (2d Cir. 2019)).

"A party's recourse to discovery permissible under U.S. rules does not indicate an intention to circumvent foreign proof-gathering restrictions and thus is not a basis for denying a § 1782 request." *Snowflake*, 2021 U.S. Dist. LEXIS 51217, at *13. "The fact that more evidence may be obtained via a § 1782 application than via the foreign discovery procedures does not amount to circumvention and does not militate against approval of the application." *Illumina*, 2020 U.S. Dist. LEXIS 29201, at *14-15; *see Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *10 ("[T]here is no requirement under § 1782 that the requested information would be discoverable under German law.").

As explained in Section II(A)(1), though Applicant previously sought this discovery in the German action, the German court did not substantively rule on Applicant's request to obtain the discovery through German procedure. Moreover, the German courts do not *per se* prohibit the type of discovery that Applicant seeks from Google. *See* Krenz Dec. ¶¶ 16-18. Thus, "[h]ere, there is no reason to believe that [Applicant] is seeking to circumvent [German] evidence laws." *In re Cover Corp.*, No. 5:25-mc-80361-BLF, 2025 U.S. Dist. LEXIS 228153, at *7. "Absent any

1  evidence to the contrary, this factor weighs in favor of granting discovery." *Id.*

2  **4.  The fourth *Intel* factor supports granting the Application**

3  "The fourth *Intel* factor is whether the request is 'unduly intrusive or burdensome.'"
4  *Palantir Techs.*, 415 F. Supp. 3d at 915 (quoting *Intel*, 542 U.S. at 264-65). "The party seeking
5  Section 1782 discovery is not required to establish that the information sought would be
6  discoverable under the governing law in the foreign proceeding or that United States law would
7  allow discovery in an analogous domestic proceeding." *In re Ex Parte Align Tech., Inc.*, No. 2:22-
8  mc-00236-SB-MAA, 2022 U.S. Dist. LEXIS 236786, at *13-14 (C.D. Cal. Dec. 15, 2022),
9  *R. & R. adopted*, 2023 U.S. Dist. LEXIS 13048 (C.D. Cal. Jan. 24, 2023). "Generally, requests
10 are not burdensome when they are narrowly tailored, do not seek confidential information and do
11 not appear to be a broad 'fishing expedition' for irrelevant information." *In re Partners*, 635 F.
12 Supp. 3d 900, 913 (N.D. Cal. 2022) (quoting *In re Qualcomm*, 162 F. Supp. 3d at 1043).

13 Here, Applicant seeks to serve a single, narrowly tailored request for production that
14 generally requests "All Agreements . . . that grant You any rights or interests to Inodyn's Asserted
15 Patent." Ex. 2 attach. A at 8 (Request for Production No. 1). That request for production, which is
16 accompanied with cogent definitions, will not be burdensome or unduly intrusive to a
17 sophisticated entity, such as Google, as it specifically identifies the sought-after agreements. *Cf.*
18 *CPC Patent Techs. Pty LTD v. Apple, Inc.*, No. 21-mc-80091-JST, 2023 U.S. Dist. LEXIS 92666,
19 at *17-18 (N.D. Cal. Jan. 3, 2023). Moreover, "[t]o the extent . . . [Google] assert[s] that any of
20 the information [Applicant] seeks through the [] subpoena calls for the disclosure of confidential
21 or proprietary information, the Parties can enter into a protective order." *In re Partners*, 635 F.
22 Supp. 3d at 914; *see CPC Patent*, 2023 U.S. Dist. LEXIS 92666, at *11-12 ("CPC's
23 subpoena requesting the production of highly confidential [information] does not make it unduly
24 intrusive or burdensome.").

25 To the extent that the Court disagrees and finds that Applicant's request is unduly
26 intrusive or burdensome, "[i]t is far preferable for [the] district court to reconcile whatever
27 misgivings it may have about the impact of its participation in the foreign litigation by issuing a

28

closely tailored discovery order rather than by simply denying relief outright.'" *In re Oasis Core Invs. Fund Ltd..*, No. 23-MC-402 (SHS), 2024 U.S. Dist. LEXIS 21620, at *7-8 (S.D.N.Y. Feb. 7, 2024) (quoting *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015)).

III.     **CONCLUSION**

For the foregoing reasons, the Application should be granted.

Respectfully submitted,

Dated: January 16, 2026

By: */s/ Mary Dahl*
Mary Dahl
California State Bar No. 336232
mary.dahl@us.dlapiper.com
**DLA Piper LLP (US)**
3203 Hanover Street,
Suite 100
Palo Alto, CA 94304
Telephone: 650.833.2000
Facsimile:  650.833.2001

Jennifer Librach Nall
*(Pro Hac Vice To Be Filed)*
Texas State Bar No. 24061613
jennifer.nall@us.dlapiper.com
Shawn Bastani
*(Pro Hac Vice To Be Filed)*
Texas State Bar No. 24127680
shawn.bastani@us.dlapiper.com
**DLA Piper LLP (US)**
303 Colorado Street,
Suite 3000
Austin, Texas 78701
Telephone: 512.457.7000
Facsimile:  512.457.7001

**Attorneys for Applicant Amazon EU S.à.r.l.**