# EXHIBIT 2

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| In re Ex Parte Application of Amazon EU S.à.r.l. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:26-mc-80013 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Google LLC, c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment A

| Place: DLA Piper<br>555 Mission Street, Suite 2400<br>San Francisco, CA 94105-2933 | Date and Time:<br>March 2, 2026 9:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/16/2026

*CLERK OF COURT*

OR

_____                    /s/ Mary Dahl
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Amazon EU S.à.r.l. , who issues or requests this subpoena, are:

Mary Dahl, DLA Piper LLP, 3203 Hanover St Ste 100, Palo Alto, CA 94304, mary.dahl@us.dlapiper.com, +1-650-833-2146

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:26-mc-80013

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A – REQUEST FOR PRODUCTION OF DOCUMENTS**

Amazon EU S.à.r.l., German branch requests that Google LLC produce the documents requested below at DLA Piper LLP (US), 555 Mission Street, Suite 2400 San Francisco, CA 94105-2933, or at such other location as the parties agree upon.

**DEFINITIONS**

Solely for the purposes of this Request, unless otherwise indicated, the following definitions are applicable to this Request for Production of Documents:

1.  Unless otherwise defined herein, the words and phrases used in this Request shall have the meanings ascribed to them under the Federal Rules of Civil Procedure, or if not defined therein, shall have their ordinary and plain meeting. In addition, the terms defined below shall have the meanings set forth below whenever used in any Request.

2.  "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons or entities.

3.  "Amazon" means Amazon EU S.à.r.l. and includes any persons or entities acting for Amazon or on Amazon's behalf, including all subsidiaries, divisions, successors, predecessors (including predecessors in interest), assigns, parents, affiliates, representatives, servants, agents, employees, officers, or attorneys.

4.  "Inodyn" means INODYN NEWMEDIA GMBH and includes any persons or entities acting for it or on its behalf, including all subsidiaries, divisions, successors, predecessors, assigns, parents, affiliates, representatives, servants, agents, employees, officers, or attorneys.

5.  "Inodyn's Asserted Patent" means German Patent No. DE 10 2013 001 219.

6.  "Intellectual Property" means any and all rights in, arising out of, or associated with any of the following in any jurisdiction throughout the world: (a) issued patents and patent

1

applications (whether provisional or non-provisional), including divisionals, continuations, continuations-in-part, substitutions, reissues, reexaminations, extensions, or restorations of any of the foregoing, and other Governmental Authority-issued indicia of invention ownership (including certificates of invention, petty patents, and patent utility models) ("Patents"); (b) trademarks, service marks, brands, certification marks, logos, trade dress, trade names, and other similar indicia of source or origin, together with the goodwill connected with the use of and symbolized by, and all registrations, applications for registration, and renewals of, any of the foregoing ("Trademarks"); (c) copyrights and works of authorship, whether or not copyrightable, and all registrations, applications for registration, and renewals of any of the foregoing ("Copyrights"); (d) internet domain names, whether or not Trademarks, all associated web addresses, URLs, websites and web pages, and all content and data thereon or relating thereto, whether or not Copyrights; (e) mask works, and all registrations, applications for registration, and renewals thereof; (f) industrial designs, and all Patents, registrations, applications for registration, and renewals thereof; (g) trade secrets, know-how, inventions (whether or not patentable), discoveries, improvements, technology, business and technical information, databases, data compilations and collections, tools, methods, processes, techniques, and other confidential and proprietary information and all rights therein ("Trade Secrets"); (h) computer programs, operating systems, applications, firmware, and other code, including all source code, object code, application programming interfaces, data files, databases, protocols, specifications, and other documentation thereof ("Software"); (i) rights of publicity; and (j) all other intellectual or industrial property and proprietary rights.

7.      "Relating" or "Related" means affecting, Concerning, constituting, dealing with, describing, discussing, embodying, evidencing, identifying, involving, providing a basis for,

2

1626753433

reflecting, regarding, respecting, stating, or in any manner whatsoever pertaining, in whole or in part, to that subject.

8.     "You," "Yours," or "Your" refer to Google, Inc. and includes any persons or entities acting for You or on Your behalf, including all subsidiaries, divisions, successors, predecessors, assigns, parents, affiliates, representatives, servants, agents, employees, officers, attorneys, and other persons from whom You have the legal right, authority, or ability to obtain upon demand Documents in their possession.

## INSTRUCTIONS

Solely for the purposes of this Request, unless otherwise indicated, the following instructions shall apply:

1.     The Documents called for by this Request are Documents in Your possession, custody, or control, or the possession, custody, or control of anyone acting on Your behalf.

2.     Your responses to this Request shall be based on all knowledge and information in Your possession, custody, or control and should be provided irrespective of the Federal Rules of Evidence.

3.     The singular Includes the plural and vice versa, except as the context may otherwise require; any Request propounded in the present tense shall also be read as if propounded in the past tense and vice versa; whenever a term is used herein in the present, past, future, subjunctive, or other tense, voice, or mood, it shall also be construed to Include all other tenses, voices, or moods; reference to any gender Includes all genders; the words "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope; the terms "all," "any," and "each" shall each be construed as encompassing "any" and "all."

3

1626753433

4. Any reference to a Person or entity in this Request should be construed as also referring to any variations of their names, alternative names, alternative spellings, alter egos, or aliases under which they conduct or have conducted business now or in the past; and also referring to any Persons or entities acting for them or on their behalf, Including all subsidiaries, divisions, successors, predecessors, assigns, parents, affiliates, representatives, servants, agents, employees, officers, or attorneys.

5. Responsive Documents should be produced in the manner prescribed by the Federal Rules of Civil Procedure, Including producing the requested Documents as they are kept in the usual course of business or organized and labeled to correspond to the categories in the Request, and in accordance with any order entered by the Court Concerning the production of discovery materials, Including any protective order or ESI protocol agreed to by the parties.

6. Whenever possible, all electronic Documents should be produced in their native format and/or as TIFFs or PDFs, Including all metadata. You may not convert the data to a form that is more burdensome and/or less searchable for the reviewing party. If You convert data to TIFFs or PDFs from native format, You must retain all metadata—Including the date of the Documents, the file name, the author of the Document, the recipients of the Document, the type of Document, the Optical Character Recognition ("OCR") database, and Document demarcations— in a usable load file (Concordance preferred with an opticon for images), together with links to text and native formats.

7. Questions regarding the interpretation of this Request should be resolved in favor of the broadest possible construction. Any ambiguity in a Request shall be construed to bring within the scope of the Request all Documents that otherwise could be construed to be outside of its scope. If, in responding to this Request, You encounter any ambiguity or confusion in

4

1626753433

construing either a Request or Definition or Instruction relevant to a Request, set forth the matter deemed ambiguous, select a reasonable interpretation that You believe resolves the ambiguity, respond to the Request using that interpretation, and explain with particularity the construction or interpretation selected by You in responding to the Request.

8. If You object to the production of a Document in relation to a specific Request, state with particularity the legal and factual basis for Your objection(s) with respect to such Request. You should respond to all portions of that Request that do not fall within the scope of Your objection(s). If You perceive any Request to be overly broad, unduly burdensome, or otherwise objectionable, respond to the fullest extent possible—that is, provide responsive Documents to the extent of what You believe to be the appropriate scope of production, or provide such responsive Documents as You believe can be supplied without undue burden, or provide all responsive Documents not within the scope of Your objection—and clearly state with particularity the basis for any objection so as to permit an informed ruling on the objection.

9. To the extent You believe any Request requests a Document that could be withheld on the basis of the attorney-client privilege, work product doctrine, or any other right of nondisclosure, furnish a list Identifying the Documents or information for which the protection is claimed together with the following: (i) the type of Document (e.g., letter or memorandum); (ii) the general subject matter of the Document; (iii) the date of the Document; (iv) the author of the Document, the addressees of the Document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (v) the nature of the privilege that is being claimed. To the extent a requested Document contains non-privileged information, the privileged information shall be redacted from the same and the redacted version of the Document or thing produced. If a Document is withheld on the ground of attorney work

5

1626753433

product, also specify whether the Document was prepared in anticipation of litigation and, if so, Identify the anticipated litigation(s) upon which the assertion is based.

10. If any requested Document or other Document potentially relevant to this proceeding is subject to destruction under any Document retention or destruction program, the Document should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this proceeding or unless otherwise permitted by the Court.

11. If any of the requested Documents were, but no longer are, in Your custody or possession or subject to Your control, state whether such Document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to another Person or entity; or (d) has been otherwise disposed of, and, in each instance, explain the circumstances surrounding the disposition thereof and provide a description of the nature, content, date, author(s) and recipient(s) of the Document.

12. This Request is continuing in nature. If, after making an initial response, You obtain or become aware of any further Documents responsive to this Request, You are required to supplement Your responses with such Documents in a timely manner pursuant to Federal Rule of Civil Procedure 26(e).

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All Agreements to Inodyn's Asserted Patent to which You are a party, beneficiary, or otherwise bound, including all license agreements, sublicense agreements, consent to use agreements, settlement agreements, coexistence agreements, covenants not to sue, waivers, releases, permissions and other Agreements and Contracts, whether written or oral, that grant You any rights or interests to Inodyn's Asserted Patent.

6