UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF AMAZON EU S.À.R.L.,<br><br>Applicant. | Case No.  26-mc-80013-VKD<br><br>**ORDER GRANTING APPLICATION FOR ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Amazon EU S.à.r.l. ("Amazon") filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a document subpoena on Google, Inc. ("Google") to obtain discovery in connection with patent litigation proceedings in Germany.  Dkt. Nos. 1, 1-3.  Google does not oppose the application but reserves its right to object to the subpoena or to seek a protective order.  Dkt. No. 14.  Amazon and Google have indicated their consent to magistrate judge jurisdiction.  Dkt. Nos. 4, 15.

Having considered Amazon's application, the supporting declaration of Dr. Krenz, and the applicable law, the Court grants the application.  Amazon's application satisfies the statutory requirements of 28 U.S.C. § 1782(a).  First, Amazon seeks discovery from Google, which has its headquarters in the Northern District of California.  Dkt. No. 1-1 at 3.  Second, Amazon requests discovery for use in a pending or reasonably contemplated patent infringement action in Germany.  *Id.* at 3-4.  Third, Amazon, as the defendant in the foreign patent infringement action, is an interested person within the meaning of the statute.  *Id.* at 4.

Amazon has also demonstrated that the Court should exercise its discretion to authorize service of the subpoena on Google.  In determining whether judicial assistance under § 1782 is

United States District Court
Northern District of California

appropriate, the Court considers four additional, non-exhaustive factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). For the reasons explained in the application, *see* Dkt. No. 1-1 at 5-8, the Court finds that all four factors weigh in favor of authorizing service of the subpoena.

Accordingly, the Court orders as follows:

1. The application is granted;

2. Amazon may serve its proposed subpoena (Dkt. No. 1-3)[1] on Google;

3. This order does not preclude Google from filing a motion to quash or modify the subpoena or a motion for a protective order.

**IT IS SO ORDERED.**

Dated: February 5, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] Amazon may correct what appears to be a typographical error in Request for Production No. 1 before service of the subpoena. *Compare* Dkt. No. 1-3 at ECF 10 ("All Agreements to Inodyn's Asserted Patent . . .") *with* Dkt. No. 1-1 at 2 ("All Agreements Relating to Inodyn's Asserted Patent . . .).